**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01763-NYW

HAYAM EL GAMAL;
HABIBA SOLIMAN;
E.S;
A.S.;
H.S.;
O.S.;

      Petitioners,

v.

MARKWAYNE MULLINS, DHS Secretary;
TODD LYONS, in his official capacity as Acting  Director of Immigration and Customs Enforcement; and
JOHN FABBRICATORE, in his official capacity as ICE Denver Field Office Director,

      Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), filed by Petitioners Hayam El Gamal; Habiba Soliman; E.S., A.S., H.S., and O.S. (collectively, "Petitioners").  [Doc. 1].  Petitioners are citizens of Egypt who were currently detained by the Department of Homeland Security in Colorado and are being imminently transported to the airport for removal from the United States.  [*Id.* at 1].  They have filed an Emergency Motion for Temporary Restraining Order [Doc. 2], and seek, among other things, a Court order granting an emergency stay of removal [Doc. 1 at 4].

Upon review of the Verified Petition and Emergency Motion for Temporary Restraining Order and the supporting documentation, it is **ORDERED** that Petitioner shall

**SERVE** Respondents with a copy of the Petition, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **April 29, 2026**. Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **RESPOND** to the Petition and **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

2

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioners from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED:  April 25, 2026                                      BY THE COURT:

_____
Nina Y. Wang
United States District Judge

3